## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MILES E. MCCORD, JR., | DOCKET NUMBER |
| Appellant, | DC-0752-14-0284-I-1 |
| v. | |
| DEPARTMENT OF COMMERCE, | DATE: December 16, 2014 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Brook L. Beesley, Alameda, California, for the appellant.

Johahna Johnson, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his appeal of an alleged reduction in pay and constructive demotion for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petition for review and REMAND the case to the Washington Regional Office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2     Effective March 1, 2010, the agency appointed the appellant to a supervisory Health Physicist position, ZP-IV, within the agency's National Institute of Standards and Technology (NIST). Initial Appeal File (IAF), Tab 4 at 53. The appellant's position was covered by NIST's Alternative Personnel Management System (APMS). *See* 62 Fed. Reg. 203, 54,606-07 (Oct. 21, 1997), *available at* IAF, Tab 4 at 41-51. Under the APMS, the appellant was entitled to receive a supervisory pay differential when supervising at least three employees. *See* 62 Fed. Reg. at 54,609. As the appellant acknowledged in a statement that he signed on the date of his appointment, the APMS specifies that this differential will be cancelled when an employee's supervisory responsibilities are discontinued. *Id.* at 54,609; IAF, Tab 4 at 56. The APMS further specifies that the "granting of a differential is not considered a promotion or a competitive action" and the "cancellation of a supervisory differential does not constitute an adverse action and there is no right of appeal under 5 U.S.C. Chapter 75." 62 Fed. Reg. at 54,609. Effective March 25, 2012, the agency reassigned the appellant to a nonsupervisory Health Physicist position. IAF, Tab 4 at 58, 60. He remained at the same pay band but no longer received the supervisory differential. *Id.*

¶3     On January 1, 2014, the appellant filed an appeal with the Board. IAF, Tab 1. He appeared to allege that his reassignment to a nonsupervisory position constituted a constructive demotion and that the associated discontinuation of his supervisory differential constituted an appealable reduction in pay. *Id.*; IAF, Tab 6 at 3-4. He requested a hearing. IAF, Tab 1 at 2.

¶4     The agency filed a motion to dismiss the appeal for lack of jurisdiction or, in the alternative, as untimely filed. IAF, Tab 4. As to jurisdiction, the agency

argued that: (1) pursuant to its APMS, the discontinuation of a supervisory differential is not appealable to the Board; and (2) the appellant failed to nonfrivolously allege that he was constructively demoted because he did not allege that he was reassigned from a position that was worth a higher grade based on a new classification standard or a classification error.[2]  *Id.* at 6-10.  The agency argued that the appellant's appeal was untimely filed because he was required to file it within 30 days of the effective date of his reassignment but did not do so until nearly 2 years later and that he failed to show good cause for his filing delay.  *Id.* at 10-11.  The agency also moved to stay discovery and submission of the agency file, pending a ruling on its motion.  IAF, Tab 5 at 4-5.  The appellant objected to the agency's stay motion.  *Id.* at 5.

¶5        The administrative judge granted the agency's stay motion over the appellant's objection and thereafter issued an initial decision, without holding the requested hearing, granting the agency's motion to dismiss the appeal for lack of jurisdiction.  IAF, Tab 7, Tab 9, Initial Decision (ID).  He found, based on the APMS, that the cancellation of the appellant's supervisory differential did not constitute an appealable reduction in pay.  ID at 5-7.  He further found that the appellant failed to make a nonfrivolous allegation of Board jurisdiction over his constructive demotion claim.  ID at 7-8.  Because he dismissed the appeal for lack of jurisdiction, he did not resolve the timeliness issue.  ID at 9 n.5.

¶6        The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  He argues that:  (1) he nonfrivolously alleged that his reassignment constituted a constructive demotion; and (2) the administrative judge erred in denying his request to conduct discovery relevant to jurisdiction prior to

---

[2] The agency also argued that the Board lacks jurisdiction over reassignments that do not result in a reduction in grade or pay, including those that result in the loss of premium pay.  IAF, Tab 4 at 8-9.

dismissing his appeal on jurisdictional grounds.[3]  *Id.*  The agency filed a response in opposition and the appellant submitted a reply.[4]  PFR File, Tabs 3-4.

<u>The administrative judge should have allowed the parties to conduct discovery prior to dismissing the appeal on jurisdictional grounds.</u>

¶7    The appellant argues that it was error for the administrative judge to dismiss his appeal without permitting discovery regarding jurisdiction.  PFR File, Tab 1 at 2.  For the reasons set forth below, we agree.

¶8    In order to establish Board jurisdiction over a constructive demotion claim, an appellant must prove by preponderant evidence that he: (1) was reassigned from a position which, due to issuance of a new classification standard or correction of a classification error, was worth a higher grade; (2) met the legal and qualification requirements for promotion to the higher grade; and (3) was permanently reassigned to a position classified at a grade level lower than the grade level to which he would otherwise have been promoted.  *Bobie v. Department of the Army*, 105 M.S.P.R. 592, ¶ 6 (2007); *see Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 8 (2014) (in a constructive adverse action appeal, the appellant bears the burden of establishing Board jurisdiction by preponderant evidence).  In this case, the appellant submitted a declaration under penalty of

---

[3]  The appellant does not challenge the administrative judge's finding that his reassignment did not constitute an appealable reduction in pay.  *See generally* PFR File, Tab 1.  We discern no basis to disturb the initial decision as to this issue.

[4]  In his reply, the appellant claims that he did not receive proper notice of how to establish Board jurisdiction over a constructive demotion claim.  PFR File, Tab 4 at 2-3.  As an initial matter, the appellant failed to raise this claim in his petition for review, and the Board's regulations specify that a reply may not raise new allegations of error.  *See* 5 C.F.R. § 1201.114(a)(4).  Notwithstanding, we note that we find this argument to be wholly without merit.  The appellant received proper jurisdictional notice both in the agency's motion to dismiss and in the initial decision.  *See* ID at 7-8; *see also* IAF, Tab 4 at 9; *cf. Melendez v. Department of Homeland Security*, 112 M.S.P.R. 51, ¶ 9 (2009) (an administrative judge's failure to provide proper jurisdictional notice can be cured if the agency's pleadings or the initial decision contain proper notice, thus affording the appellant the opportunity to meet his jurisdictional burden on review).

perjury, wherein he claimed that the agency redistributed his supervisory responsibilities amongst seven employees and "upgraded [his] former supervisory position and duties due to an apparent classification issue" after reassigning him. IAF, Tab 6 at 3-5. He asserted that he met the legal and qualification requirements for the upgraded position. *Id.* at 4. He referenced the Standard Form (SF) 50 documenting his reassignment to a nonsupervisory position, which indicated that the "change [was] a result of a position review."[5] *Id.* at 3-4; IAF, Tab 4 at 58.

¶9     Although the aforementioned allegations, if proven, could establish Board jurisdiction, we find that the appellant has not presented preponderant evidence to support them. However, an appellant is entitled to request discovery of relevant materials to help him meet his burden of establishing the Board's jurisdiction. *Parker v. Department of Housing & Urban Development*, 106 M.S.P.R. 329, ¶ 9 (2007). The appellant explained below that he could not provide any additional information regarding jurisdiction because the agency had not yet responded to his discovery requests. IAF, Tab 6 at 1. He submitted a copy of his discovery requests, some of which appear to relate to the jurisdictional issue in this appeal.[6] IAF, Tab 8 at 4-8. Specifically, Interrogatory 7 requested position descriptions for the supervisory and nonsupervisory Health Physicist positions. *Id.* at 7. Requests for Admission 5-7 asked the agency to admit that: (1) shortly after the appellant's reassignment, it redistributed his supervisory responsibilities and

---

[5] The nature of the agency's action is not clear from the SF-50. The SF-50 cites the authority for the action as 5 C.F.R. § 335.102. IAF, Tab 4 at 58. It also states "RECLASS," which the appellant believes refers to a reclassification, and references "a position review." *Id.*; *see* IAF, Tab 6 at 3-4. However, 5 C.F.R. § 335.102 does not relate to position classification. *See Grubb v. Department of the Interior*, 73 M.S.P.R. 296, 298 (1997).

[6] It appears that the appellant timely initiated discovery. The deadline for the parties to do so was February 10, 2014. *See* IAF, Tab 2 at 4-5; *see also* 5 C.F.R. §§ 1201.23, 1201.73(d). The appellant's discovery requests are dated January 28, 2014. IAF, Tab 8 at 4. The agency has not disputed that his requests were served on that date.

"upgraded and elevated" his former supervisory position into two supervisory positions; and (2) he met all the qualification requirements for the new supervisory positions and higher supervisory pay. *Id.* at 8. Based on the foregoing, while we recognize that administrative judges have wide discretion over matters pertaining to discovery, we find in this instance that the administrative judge should not have dismissed this appeal on jurisdictional grounds without permitting the appellant to engage in discovery. *See Parker*, 106 M.S.P.R. 329, ¶ 9; *see also* 5 C.F.R. § 1201.41(b)(4). Therefore, we must remand this appeal.

<u>On remand, the appellant must first receive an additional opportunity to establish that his appeal was timely filed or that good cause exists for the delay.</u>

¶10      The agency argued below that the appellant's appeal was untimely filed because he did not file it within 30 days of the reassignment and that he failed to show good cause for the untimely filing. IAF, Tab 4 at 10-11; *see* 5 C.F.R. § 1201.22(b). The appellant argued that he was unaware that the circumstances surrounding his reassignment could constitute an appealable constructive demotion because the letter informing him of the reassignment stated that, under the APMS, "[t]he removal of a supervisory differential does not constitute a demotion or a reduction in pay under 5 U.S.C. Chapter 75" and that therefore he did not have a right of appeal. IAF, Tab 1 at 3, Tab 6 at 4; *see* IAF, Tab 4 at 60. He claimed that he did not learn of his potential right of appeal until he retained a representative in an unrelated employment matter in December 2013 and noted that his appeal was filed shortly thereafter. IAF, Tab 6 at 4.

¶11      We cannot resolve the timeliness issue because we find that the appellant did not receive clear notice of the precise timeliness issue as to his constructive demotion claim. *See White v. U.S. Postal Service*, 114 M.S.P.R. 386, ¶ 18 (2010) (an appellant is entitled to clear notice of the precise timeliness issue and a full and fair opportunity to litigate it). Although both the agency and the administrative judge indicated that the appellant was required to file his appeal

within 30 days of his reassignment, his constructive demotion argument is based on actions he alleges the agency took after his reassignment. Because we do not know if the agency upgraded the appellant's former position and redistributed his duties and, if it did, when it took such actions and exactly when the appellant learned of these actions, we cannot determine whether good cause exists for his filing delay. *See Ellis v. Department of the Navy*, 80 M.S.P.R. 321, 324-25 (1998); *see also Sarter v. U.S. Postal Service*, 69 M.S.P.R. 335, 338 (1996). Moreover, to the extent that the appellant is arguing that there is good cause for his untimely filing because the agency failed to notify him of his Board appeal rights, we note that he was not informed below that, where an agency takes a facially unappealable action such as a reassignment, it has no obligation to provide such notice unless the employee communicates by word or deed that he considers the reassignment to be an adverse action. *See Beaudette v. Department of the Treasury*, 100 M.S.P.R. 353, ¶ 15 (2005); *see also Subranni v. U.S. Postal Service*, 67 M.S.P.R. 604, 606 (1995), *aff'd*, 78 F.3d 603 (Fed. Cir. 1996).

## ORDER

For the reasons discussed above, we REMAND this case to the Washington Regional Office for further adjudication in accordance with this Remand Order. On remand, the administrative judge should first determine whether the appellant's appeal was timely filed or, if not, whether good cause exists for the delay. Prior to making this determination, the administrative judge shall offer the parties the opportunity to conduct discovery limited to the issue of timeliness. If the administrative judge resolves the timeliness issue in the appellant's favor, then he should proceed to address the issue of the Board's jurisdiction over the

appellant's constructive demotion claim, after allowing the parties to engage in discovery regarding jurisdiction.

FOR THE BOARD:                           _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.